This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39447**

**FRANCES GALLEGOS,**

      Worker-Appellant,

v.

**OFFICE OF THE ATTORNEY GENERAL**
**and GSD RISK MANAGEMENT DIVISION,**

      Employer/Self Insured-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodard, Workers' Compensation Judge**

Dorato & Weems LLC
Derek L. Weems
Albuquerque, NM

for Appellant

Garcia Law Group, LLC
Katherine E. Tourek
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Worker appeals from an order entered by the Workers' Compensation Judge (WCJ) that denied her request to make Employer 100 percent responsible for payment of attorney fees. We issued a calendar notice proposing to reverse. Employer has responded with a memorandum in opposition. We reverse.

**{2}** In this appeal Worker has challenged the award of attorney fees arising out of a stipulated compensation order. Specifically, Worker has claimed that Employer should

be responsible for 100 percent of the attorney fees under NMSA 1978, Section 52-1-54 (2013).

**{3}** Under Section 52-1-54(F)(4), an employer shall pay 100 percent of the attorney fees paid to a worker's attorney "if the worker's offer was less than the amount awarded by the compensation order[.]" *See Abeyta v. Bumper To Bumper Auto Salvage*, 2005-NMCA-087, ¶ 9, 137 N.M. 800, 115 P.3d 816 (referring to Section 52-1-54 as a fee-shifting provision). The primary purpose of this fee-shifting provision is to facilitate settlement and prevent litigation. *See Baber v. Desert Sun Motors*, 2007-NMCA-098, ¶ 18, 142 N.M. 319, 164 P.3d 1018. The fee-shifting provision of the Act is aimed at encouraging the litigants "to make and accept reasonable offers of judgment by providing financial sanctions for the rejection of an offer of judgment if the rejecting party does not obtain a more favorable ruling." *Id.* (internal quotation marks and citation omitted).

**{4}** The mandatory fee-shifting provision is triggered when the following three requirements are met: (1) a worker's offer of judgment is valid pursuant to the Section 54-1-54(F); (2) the offer is for an amount less than that awarded at trial; and (3) the worker's offer was rejected. *Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 18, 428 P.3d 265. There is no dispute that Worker's offers of judgment satisfied these requirements. However, the WCJ refused Worker's fee-shifting request because the facts of this case were "unique" with respect to the medical evidence, especially on the issue of causation, and Employer's decision not to accept prior offers of judgment should not be "sanctioned" because Employer had a good faith defense. [RP 372, 374-75]

**{5}** We conclude that the WCJ's ruling reads language into the statute that is not there. *See State v. Benally*, 2015-NMCA-053, ¶ 7, 348 P.3d 1039 ("We will not read language into the statute that is not there, especially when the statute makes sense as written." (alteration, internal quotation marks, and citation omitted)). In light of the Legislature's requirement that the fee-shifting provision "shall" be imposed if the statutory language is satisfied, the WCJ did not have the discretion to deny the award based on a "good faith" exception. *See Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 22, 146 N.M. 24, 206 P.3d 135 ("It is widely accepted that when construing statutes, 'shall' indicates that the provision is mandatory, and we must assume that the Legislature intended the provision to be mandatory absent [a] clear indication to the contrary."). Although Employer argues that the statute should provide some flexibility notwithstanding the mandatory language, we rely on our case law that concludes otherwise. *See Baker*, 2018-NMSC-035, ¶¶ 29-32 (interpreting the fee-shifting statute as mandatory where a worker recovered more benefits than she had agreed to accept in an offer of judgment).

**{6}** For the reasons set forth above, we reverse and remand with instructions to recalculate the attorney fees award.

**{7}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**